THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

                    Plaintiff,

    v.

YOMARA CANEDO AVENA,

                    Defendant.

CASE NO. CR22-0202-JCC-2

ORDER

10
11
12
13
14

15      This matter comes before the Court on Defendant's motion to reduce her sentence (Dkt.

16 No. 61). Having considered the briefing and the relevant record, the Court DENIES the motion

17 for the reasons explained herein.

18      Defendant was sentenced after pleading guilty to possession of controlled substances

19 with intent to distribute. (*See* Dkt. Nos. 51, 58, 59.) At sentencing, the Court accepted the

20 parties' recommendation to set Defendant's total offense level at 24 (based on various

21 reductions) and a criminal history Category I. (*See* Dkt. Nos. 56 at 4, 57 at 6.) This resulted in a

22 sentencing guidelines range of 51 to 63 months. (*Id.*) The Court imposed a custodial sentence of

23 36 months. (Dkt. No. 59 at 2.)

24      Defendant now asks for a reduction pursuant to Amendment 821 of the United States

25 Sentencing Guidelines ("USSG") and 18 U.S.C. § 3582(c)(2). (*See* Dkt. No. 61.) This is based

26 on Part B, Subpart 1 of the amendment, which provides a two-level reduction in the offense level

1  for certain zero-point offenders—that is, defendants with no criminal history whose offenses

2  meet the guideline's criteria. *See* USSG § 4C1.1(a).

3          To qualify for such a reduction, two conditions must[1] be met: (1) the defendant must

4  have been sentenced to a term of imprisonment based on a sentencing range that has been

5  lowered by a retroactively applicable guidelines amendment; and (2) the sentence reduction

6  sought must be consistent with the Sentencing Commission's applicable policy statements. *See*

7  *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). Those statements

8  include USSG § 1B1.10(b)(2), which provides that "the court shall not reduce the defendant's

9  term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is

10  less than the minimum of the amended guideline range," unless the defendant received a

11  sentence reduction based on substantial assistance to the United States.

12          Here, under the retroactively applicable amendment, Defendant's total offense level

13  would be reduced by two points, from 24 to 22, resulting in an amended sentencing guideline

14  range of 41 to 51 months. USSG § 5A. But because the sentence already imposed (36 months) is

15  well below this amended range, the policy statement generally precludes any reduction in

16  Defendant's sentence. *See* USSG § 1B1.10(b)(2). And the record does not show, nor has

17  Defendant established, that the "substantial assistance" exception, USSG § 1B1.10(b)(2)(B),

18  applies. This Court therefore lacks the authority to reduce Defendant's sentence.

19          For the foregoing reasons, Defendant's motion for a reduction of her sentence (Dkt. No.

20  61) is DENIED.

21  //

22  //

23  //

24  //

25

26  [1] A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

DATED this 29th day of August 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE